UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOWN & COUNTRY CREDIT CORP.,<br><br>    Plaintiff<br><br>v.<br><br>BARRY MILLER; MARY MILLER, a/k/a MARY HAYNE-MILLER, a/k/a MARY HAYNE; MARK G. DEGIACOMO, CHAPTER 7 TRUSTEE OF THE ESTATE OF BARRY MILLER, MARY MILLER, a/k/a MARY HAYNE-MILLER, a/k/a MARY HAYNE; KEENE & GIZZI; PETER GIZZI, ESQUIRE; OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY; WASHINGTON MUTUAL BANK, f/k/a OCWEN FEDERAL SAVINGS BANK; and SALEM FIVE CENTS SAVINGS BANK,<br><br>    Defendants | Civil Action<br>No. 2005-11223 RWZ |

## DEFENDANT, SALEM FIVE CENTS SAVINGS BANK'S ANSWER AND AFFIRMATIVE DEFENSES

The Defendant, Salem Five Cents Savings Bank ("Salem Five"), hereby responds to the numbered paragraphs of the Verified Complaint of the Plaintiff, Town & Country Credit Corp. (the "Plaintiff"), as follows:

### I.   JURISDICTION AND VENUE

1.   Salem Five denies the allegations contained in paragraph 1 of the Plaintiff's Verified Complaint.

2.   Salem Five denies the allegations contained in paragraph 2 of the Plaintiff's Complaint.

## II.     PARTIES

3. Salem Five is without sufficient information and knowledge to either admit or deny the allegations contained in paragraph 3 of the Plaintiff's Complaint and therefore, denies same.

4. Salem Five states that it is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 4 of the Plaintiff's Complaint.

5. Salem Five states that it is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 5 of the Plaintiff's Complaint.

6. Salem Five states that it is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 6 of the Plaintiff's Complaint.

7. Salem Five states that it is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 7 of the Plaintiff's Complaint.

8. Salem Five states that it is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 8 of the Plaintiff's Complaint.

9. Salem Five states that it is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 9 of the Plaintiff's Complaint.

10. Salem Five states that it is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 10 of the Plaintiff's Complaint.

11. Salem Five admits that it is a Federal savings bank with a principal place of business at 210 Essex Street, Salem, Essex County, Massachusetts.

### III. FACTS

12. Salem Five is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 12 of the Plaintiff's Complaint and therefore, denies same.

12(sic). Salem Five is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 12(sic) of the Plaintiff's Complaint and therefore, denies same.

13. Salem Five is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 13 of the Plaintiff's Complaint and therefore, denies same.

14. Salem Five is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 14 of the Plaintiff's Complaint and therefore, denies same.

15. Salem Five is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 15 of the Plaintiff's Complaint and therefore, denies same.

16. Salem Five is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 16 of the Plaintiff's Complaint and therefore, denies same.

17. Salem Five is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 17 of the Plaintiff's Complaint and therefore, denies same.

18. Salem Five is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 18 of the Plaintiff's Complaint and therefore, denies same. By way of further answering, Salem Five states that it received payments pursuant to the terms and conditions of its Settlement Agreement with Bennett L. Miller, Inc., f/k/a Boston Botanicals, Inc., Bennett L. Miller and Mary A. Hayne in the amount of $32,500.00 from the Plaintiff.

19. Salem Five is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 19 of the Plaintiff's Complaint and therefore, denies same.

20. Salem Five is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 20 of the Plaintiff's Complaint and therefore, denies same.

21. Salem Five is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 21 of the Plaintiff's Complaint and therefore, denies same.

22. Salem Five is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 22 of the Plaintiff's Complaint and therefore, denies same.

23. Salem Five is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 23 of the Plaintiff's Complaint and therefore, denies same.

24. Salem Five is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 24 of the Plaintiff's Complaint and therefore, denies same.

25. Salem Five is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 25 of the Plaintiff's Complaint and therefore, denies same.

## COUNT I

26 and 27. Salem Five does not respond to the allegations contained in paragraphs 26 and 27 of Count I of the Plaintiff's Complaint insofar as they are not directed to it. However, to the extent that there are any allegations of fact deemed to be contained therein, which assert, either directly or indirectly, that Salem Five has been unjustly enriched, is equitably subrogated and/or the satisfaction of its first mortgage indebtedness to it should be rescinded, said allegations are hereby expressly denied.

## COUNT II

28-31. Salem Five does not respond to the allegations contained in paragraphs 28-31 of Count II of the Plaintiff's Complaint insofar as they are not directed to it. However, to the extent that there are any allegations of fact deemed to be contained therein, which assert, either directly

or indirectly, that Salem Five has been unjustly enriched, is equitably subrogated and/or the satisfaction of its first mortgage indebtedness to it should be rescinded, said allegations are hereby expressly denied.

## COUNT III

32-35. Salem Five does not respond to the allegations contained in paragraphs 32-35 of Count III of the Plaintiff's Complaint insofar as they are not directed to it. However, to the extent that there are any allegations of fact deemed to be contained therein, which assert, either directly or indirectly, that Salem Five has been unjustly enriched, is equitably subrogated and/or the satisfaction of its first mortgage indebtedness to it should be rescinded, said allegations are hereby expressly denied.

## COUNT IV

36-39. Salem Five does not respond to the allegations contained in paragraphs 36-39 of Count IV of the Plaintiff's Complaint insofar as they are not directed to it. However, to the extent that there are any allegations of fact deemed to be contained therein, which assert, either directly or indirectly, that Salem Five has been unjustly enriched, is equitably subrogated and/or the satisfaction of its first mortgage indebtedness to it should be rescinded, said allegations are hereby expressly denied.

## COUNT V

40-44. Salem Five does not respond to the allegations contained in paragraphs 40-44 of Count V of the Plaintiff's Complaint insofar as they are not directed to it. However, to the extent that there are any allegations of fact deemed to be contained therein, which assert, either directly or indirectly, that Salem Five has been unjustly enriched, is equitably subrogated and/or the

satisfaction of its first mortgage indebtedness to it should be rescinded, said allegations are hereby expressly denied.

## COUNT VI

45. Salem Five repeats, realleges and reavers its answers to paragraphs 1-44 of the Plaintiff's Complaint as if expressly rewritten and set forth herein.

46. Salem Five is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 46 of the Plaintiff's Complaint other than admitting that it received payment in the amount of $32,500.00 pursuant to the terms and conditions of its Settlement Agreement with Bennett L. Miller, Inc., f/k/a Boston Botanicals, Inc., Bennett L. Miller and Mary A. Hayne.

47. Salem Five is without sufficient information or knowledge to either admit or deny the allegations contained in paragraph 47 of the Plaintiff's Complaint, and therefore, denies same.

48. Salem Five denies the allegations contained in paragraph 48 of the Plaintiff's Complaint.

49. Salem Five denies the allegations contained in paragraph 49 of the Plaintiff's Complaint.

50. Salem Five denies the allegations contained in paragraph 50 of the Plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

Salem Five specifically reserves its right to mark each and every Rule 12(b) motion for hearing prior to trial.

## FIRST AFFIRMATIVE DEFENSE

By way of affirmative defense, Salem Five states that the Plaintiff's Complaint must be dismissed pursuant to Rule 12(b)(3) of the Federal Rules of Civil Procedure on the grounds of improper venue as to the claims against Salem Five.

## SECOND AFFIRMATIVE DEFENSE

By way of affirmative defense, Salem Five states that the United States District Court for the District of Massachusetts lacks jurisdiction of the subject matter in this case based upon the Plaintiff's failure to comply with 28 U.S.C. §1332 and/or 28 U.S.C. §1334.

## THIRD AFFIRMATIVE DEFENSE

Salem Five asserts that the Plaintiff is entitled to no relief against it because the Plaintiff tendered funds to Salem Five in return for a discharge of its mortgage. Accordingly, Salem Five has changed its position to its detriment as a result of the Plaintiff's tender and therefore, the Plaintiff's only recourse as to Salem Five would be a judicial determination that it is the holder of said mortgage and assumes Salem Five's prior secured position with no other legal resource against said Bank.

## FOURTH AFFIRMATIVE DEFENSE

Salem Five states that insofar as the Plaintiff seeks to recover for said Defendant, the Salem Five has changed its preferred secured position as a result thereof, and it is entitled to be restored to its prior preferred secured position.

## FIFTH AFFIRMATIVE DEFENSE

Salem Five states that the Plaintiff's claims against it are barred by its own acts and conduct which estopped it from asserting such relief and/or it has waived its claims with respect to the subject mortgage transaction.

### SIXTH AFFIRMATIVE DEFENSE

Salem Five states that the Plaintiff's claims are barred by its own unclean hands.

### SEVENTH AFFIRMATIVE DEFENSE

Salem Five states that the Plaintiff's claims just fail based upon its failure to mitigate its own alleged damages.

### EIGHTH AFFIRMATIVE DEFENSE

Salem Five states that the Plaintiff has not sustained any cognizable damage for which Salem Five is responsible.

### NINTH AFFIRMATIVE DEFENSE

Salem Five states that the Plaintiff's claims are barred, in whole or in part, by its own acts or failure to act, in a reasonably prudent manner.

### TENTH AFFIRMATIVE DEFENSE

Salem Five states that if the Plaintiff proves that it sustained damages as alleged in its Complaint, the same were in no way caused by Salem Five, or anyone acting with, through, for, or under Salem Five, or by anyone for whose actions Salem Five may be held legally responsible or answerable.

### ELEVENTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Salem Five states that the Plaintiff's Complaint must fail because of an accord and satisfaction.

### TWELFTH AFFIRMATIVE DEFENSE

By way of affirmative defense, Salem Five states that the Plaintiff's claims against it are barred by the Doctrine of Laches, waiver, release, estoppel and/or unclean hands.

### THIRTEENTH AFFIRMATIVE DEFENSE

Salem Five states that this court must not aid one guilty of an inequitable conduct, i.e., those having unclean hands, and must prevent the Plaintiff from benefiting from its own wrongful conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE

Salem Five states that the Plaintiff's claims against it are barred by the equitable doctrine that he who seeks equity must do equity.

### FIFTEENTH AFFIRMATIVE DEFENSE

Salem Five states that the Plaintiff, by its own acts and/or conduct, and the acts and/or conduct of those acting on its behalf, precludes it from seeking the equitable relief requested.

SALEM FIVE CENTS SAVINGS BANK,

By its Attorneys,
RIEMER & BRAUNSTEIN LLP

Dated: June 27, 2005

/s/ Joseph R. Valle, Jr.
Joseph R. Valle, Jr.
BBO #550291
Riemer & Braunstein LLP
Three Center Plaza
Boston, Massachusetts 02108
(617) 523-9000

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOWN & COUNTRY CREDIT CORP.,<br><br>　　Plaintiff<br><br>v.<br><br>BARRY MILLER; MARY MILLER, A/K/A MARY HAYNE-MILLER, a/k/a MARY HAYNE; MARK G. DEGIACOMO, CHAPTER 7 TRUSTEE OF THE ESTATE OF BARRY MILLER, MARY MILLER, a/k/a MARY HAYNE-MILLER, a/k/a MARY HAYNE; KEENE & GIZZI; PETER GIZZI, ESQUIRE; OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY; WASHINGTON MUTUAL BANK, f/k/a OCWEN FEDERAL SAVINGS BANK; and SALEM FIVE CENTS SAVINGS BANK,<br><br>　　Defendants | Civil Action<br>No. 2005-11223RWZ |

## CERTIFICATE OF SERVICE

　　I, Joseph R. Valle, Jr. hereby certify that on this date, June 27, 2005, I served the foregoing Defendant, Salem Five Cents Savings Bank's Answer and Affirmative Defenses by causing a copy of same to be delivered by an original, postage prepaid to:

William J. Amann, Esquire
Ablitt & Crovelo, P.C.
92 Montvale Avenue
Suite 2950
Stoneham, MA  02180

Peter Gizzi, Esquire
Keene & Gizzi
220 Broadway, Suite 402
Lynnfield, MA  01940

Dax B. Grantham, Esquire
Grantham & Associates, P.C.
464 Bremen Street
Boston, MA  02128

Mark G. DeGiacomo, Esquire
Murtha Cullina, LLP
99 High Street
Boston, MA  02110

　　　　　　　　　　　　　　　　/s/ Joseph R. Valle, Jr.
　　　　　　　　　　　　　　　　Joseph R. Valle, Jr.

898233.1