UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOWN AND COUNTRY CREDIT CORP., <br><br> Plaintiff <br> v. <br><br> MARK G. DEGIACOMO, CHAPTER 7 TRUSTEE OF THE ESTATE OF BARRY MILLER and MARY MILLER a/k/a MARY HAYNE-MILLER a/k/a MARY HAYNE, *et al.*, Defendants. | CIVIL ACTION NO. 05-11223-RWZ |

**CHAPTER 7 TRUSTEE'S MOTION TO DISMISS COUNT V OF THE PLAINTIFF'S VERIFIED COMPLAINT OR ALTERNATIVELY TO STAY THESE PROCEEDINGS**

The defendant Mark G. DeGiacomo, the duly appointed Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Barry Miller and Mary Miller a/k/a Mary Hayne-Miller a/k/a Mary Hayne (the "Debtors") hereby moves this Court for the entry of an Order dismissing Town and Country Credit Corp.'s ("Town and Country") Verified Complaint against him (the "Complaint") pursuant to Fed. R. Civ. P. 12(b)(6) on the grounds that Town and Country fails to state a claim against the Trustee upon which relief can be granted and pursuant to Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction. Alternatively, the Trustee hereby requests that this Court enter an Order staying these proceedings.

Count V is the only place in the Complaint that mentions the Trustee, however there is no request relief against the Trustee only the statement that "[t]he Plaintiff hereby reserves the right to seek a Declaratory Judgment in the case within a reasonable time after discovery has been conducted." Complaint, ¶ 44. Furthermore, the Complaint did not contain a demand for judgment against the Trustee. A demand for judgment is required under Fed. R. Civ. P. 8(a) in order to set forth a claim for relief. Even if the Complaint did make a request relief or demand

for judgment against the Trustee, this Court lacks subject matter jurisdiction over such a request or demand because Town and Country did not obtain leave of the Bankruptcy Court to sue the Trustee as required by the United States Supreme Court's <u>Barton</u> doctrine. <u>Muratore v. Darr</u>, 375 F.3d 140, 143 (1st Cir. 2004); citing <u>Barton v. Barbour</u>, 104 U.S. 126, 127 (1881). Because Town and Country's Complaint did not contain a request for relief or demand for judgment against the Trustee, it failed to set forth a claim against the Trustee upon which relief can be granted. Moreover, because Town and Country did not obtain leave of the Bankruptcy Court to sue the Trustee, this Court lacks subject matter jurisdiction over Count V. Accordingly, Count V of the Complaint should be dismissed.

Alternatively, these proceedings should be stayed in favor of the adversary proceeding pending before the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") between the Trustee and Town and Country, Adversary Proceeding No. 05-1318-JNF (the "Adversary Proceeding"). In the Adversary Proceeding the Trustee is seeking a determination with respect to the validity of the Mortgage within the context of the Bankruptcy Code. Moreover, Town and Country's claims against the other defendants in this case depend upon the determination regarding the validity of the mortgage under the Bankruptcy Code. Because this proceeding and the Adversary Proceeding involve similar issues relating to the determination of whether the mortgage is valid, and because the nature of the claims in the two proceedings requires that the Bankruptcy Code issues raised in the Adversary Proceeding regarding the validity of the Mortgage be decided first, it would be a waste of judicial resources for both courts to proceed with parallel litigation. Accordingly, this Court should stay these proceedings until the Bankruptcy Court resolves the Bankruptcy Code issues relating to the validity of the Mortgage.

In support of this motion, the Trustee has submitted herewith a memorandum of law which is incorporated by reference.

## REQUEST FOR ORAL ARGUMENT

Pursuant to LR 7.1(D), the Trustee requests oral argument on this motion.

WHEREFORE, Mark G. DeGiacomo, the Chapter 7 Trustee, requests that this Court:

1. dismiss Count V of the Complaint; or alternatively

2. stay these proceedings until the Bankruptcy Court resolves Adversary Proceeding No. 05-1318 relating to the validity of the Mortgage; and

3. order such further relief that is just and proper.

Respectfully submitted,

MARK G. DEGIACOMO, CHAPTER 7 TRUSTEE OF THE ESTATE OF BARRY MILLER, and MARY MILLER a/k/a MARY HAYNE-MILLER a/k/a MARY HAYNE,

By his attorneys,

/s/ Ryan M. MacDonald
Mark G. DeGiacomo, Esq. BBO #118170
Ryan M. MacDonald, Esq. BBO #654688
Murtha Cullina LLP
99 High Street
Boston, MA 02110
617-457-4000 Telephone
617-482-3868 Facsimile

Dated: August 1, 2005

## Local Rule 7.1(a)(2) Certificate

I, Ryan M. MacDonald, hereby certify that counsel have conferred and have attempted in good faith to resolve or narrow the issues raised by this motion, but were unable to do so.

/s/ Ryan M. MacDonald
Ryan M. MacDonald

309623-1                                      3