UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOWN AND COUNTRY CREDIT CORP., <br><br> Plaintiff <br><br> v. <br><br> MARK G. DEGIACOMO, CHAPTER 7 TRUSTEE OF THE ESTATE OF BARRY MILLER and MARY MILLER a/k/a MARY HAYNE-MILLER a/k/a MARY HAYNE, *et al.*, Defendants. | CIVIL ACTION NO. 05-11223-RWZ |

**MEMORANDUM OF LAW IN SUPPORT OF CHAPTER 7 TRUSTEE'S MOTION TO DISMISS COUNT V OF THE PLAINTIFF'S VERIFIED COMPLAINT OR ALTERNATIVELY TO STAY THESE PROCEEDINGS**

The defendant Mark G. DeGiacomo, Chapter 7 Trustee (the "Trustee") for the bankruptcy estate of Barry Miller and Mary Miller a/k/a Mary Hayne-Miller a/k/a Mary Hayne (the "Debtors") hereby submits this Memorandum of Law in support of his Motion to Dismiss Count V of Town and Country Credit Corp.'s ("Town and Country") Verified Complaint (the "Complaint") or Alternatively To Stay These Proceedings.

Town and Country has failed to set forth a claim against the Trustee in the Complaint upon which relief can be granted. The Complaint did not contain a demand for judgment or a request for relief against the Trustee. A demand for judgment is required under Fed. R. Civ. P. 8(a) in order to set forth a claim for relief. Because Town and Country' Complaint did not contain a demand for judgment against the Trustee, it failed to set forth a claim against the Trustee upon which relief can be granted. In addition, this Court lacks subject matter jurisdiction over Count V of the Complaint because Town and Country did not obtain leave of the United States Bankruptcy Court for the District of Massachusetts (the "Bankruptcy Court") to sue the

309933-1                                              1

Trustee as required by the U.S. Supreme Court's Barton doctrine.  Muratore v. Darr, 375 F.3d 140, 143 (1st Cir. 2004) citing Barton v. Barbour, 104 U.S. 126, 127 (1881).  Accordingly, Count V of the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6) and (1).

Alternatively, these proceedings should be stayed.  Prior to the commencement of this proceeding, an adversary proceeding was initiated in the Bankruptcy Court between the Trustee and Town and Country in order to determine the validity of a postpetition mortgage given by the Debtors to Town and Country within the context of the Bankruptcy Code, Adversary Proceeding No. 05-1318-JNF (the "Adversary Proceeding).  Moreover, Town and Country's claims against the other defendants in this case depend upon the determination regarding the validity of the mortgage under the Bankruptcy Code.  Because this proceeding and the Adversary Proceeding involve similar issues relating to the determination of whether the mortgage is valid, and because such a determination in both cases will involve the application of the Bankruptcy Code in which the Bankruptcy Court has particular expertise, and because the nature of the claims in this proceeding requires a determination regarding the validity of the mortgage be made first, it would be a waste of judicial resources for both courts to proceed with parallel litigation.  Accordingly, this Court should stay these proceedings until the Bankruptcy Court resolves the Bankruptcy Code issues relating to the validity of the Mortgage.

## STATEMENT OF FACTS

1.       On August 8, 2003, the Debtors filed a voluntary petition with the Bankruptcy Court pursuant to Chapter 7 of the Bankruptcy Code, Chapter 7 Case No. 03-16731-JNF.

2.       On August 8, 2003, pursuant to a Certificate of Appointment, the Trustee was appointed the Chapter 7 Trustee of the Debtors' estate.

3. On September 22, 2003, the Trustee filed a Report of No Distribution. On March 8, 2004 the case was closed.

4. On March 10, 2004, the Debtors filed a Motion with the Bankruptcy Court to Reopen the Case and a Motion to Avoid Judicial Liens recorded against the Debtors' real property located at 36 Beach Avenue, Swampscott, Massachusetts (the "Real Property").

5. On March 15, 2004, this case was reopened.

6. On April 19, 2004, the Bankruptcy Court entered an order allowing the Debtors' Motion to Avoid Judicial Liens (the "Order").

7. On May 14, 2004, the Bankruptcy Court entered an order discharging the Trustee and closing the case.

8. On June 9, 2004, a copy of the Order was recorded with the Essex County Registry of Deeds, Southern Essex District (the "Registry of Deeds") at Book 22971, Page 530. The Order recorded with the Registry of Deeds contains a marginal reference to the Real Property and was recorded in the Real Property's chain of title.

9. On August 19, 2004, the Trustee filed a Motion to Reopen the Case.

10. On August 23, 2004, the Court entered an order allowing the Trustee's Motion to Reopen the Case.

11. On November 11, 2004, the Debtors granted a mortgage to Town and Country on the Real Property (the "Mortgage").

12. On December 6, 2004, Town and Country recorded the Mortgage with the Registry of Deeds at Book 23715, Page 246.

13. The Debtors granted the Mortgage to Town and Country to secure a $300,000 promissory note executed by the Debtors.

14. On March 16, 2005, the Trustee filed a Motion to Sell the Real Property by public auction which was allowed by the Bankruptcy Court on April 18, 2005.

15. On March 16, 2005, the Trustee served his Notice of Intended Sale on all interested parties (the "Notice of Sale"). The Notice of Sale indicated that the Real Property would be sold by public auction on April 28, 2005 (the "Auction").

16. On April 27, 2005, Town and Country filed a Complaint with the Bankruptcy Court seeking an order enjoining the Auction (the "Adversary Proceeding").

17. On April 28, 2005, the Bankruptcy Court denied Town and Country's request to enjoin the Auction but it entered the following order: "that the Chapter 7 Trustee not disburse any of the proceeds of sale until such time as the court determines the validity of the plaintiff's mortgage." Docket entry No. 4 in the Adversary Proceeding.

18. On May 12, 2005, the Trustee filed his Answer and Counterclaim to Town and Country's Complaint in the Adversary Proceeding.

19. On May 27, 2005, the Trustee closed on the sale of the Real Property to the highest bidder at the Auction for the sale price of $320,000.

20. The Trustee's Counterclaim contained two counts against Town and Country. The first count requested a judgment declaring the Mortgage void under 11 U.S.C. § 362(a)(5) as a violation of the automatic stay and the second count requested a judgment avoiding the Mortgage under 11 U.S.C. § 549(a) as an unauthorized postpetition transfer.

21. On June 10, 2004, Town and Country filed the Complaint. Count V of the Complaint purports to assert a claim against the Trustee for declaratory judgment.

22. Town and Country did not seek leave from the Bankruptcy Court before it filled the Complaint with this Court.

23.     On June 15, 2005, Town and Country filed a Motion to Withdraw the Adversary Proceeding with the Bankruptcy Court pursuant to 28 U.S.C. 157(d) (the "Motion to Withdraw the Reference"). On June 21, 2005 the Bankruptcy Court transmitted the Motion to Withdraw the Reference to this Court for determination pursuant to Fed. R. Bankr. P. 5011, Case No. 05-11341-NG.

24.     On June 29, 2005, the Trustee filed his opposition to the Motion to Withdraw the Reference. This Court has not yet ruled on the Motion to Withdraw the Reference.

## ARGUMENT

I.      **TOWN AND COUNTRY HAS FAILED TO STATE A CLAIM AGAINST THE TRUSTEE IN THE COMPLAINT UPON WHICH RELIEF CAN BE GRANTED**

   A.   **This Court Should Dismiss Count V of the Complaint Because the Complaint Did Not Contain a Request for Relief or Demand for Judgment Against the Trustee.**

Town and Country has failed to set forth a claim in the Complaint against the Trustee in upon which relief can be granted. Pursuant to Fed. R. Civ. P. 8(a) in order to properly plead a claim for relief the claim must contain, among other things, "a demand for judgment for the relief the pleader seeks." Fed. R. Civ. P. 8(a). Here, Town and County's Complaint does not contain a demand for judgment or a request for relief against the Trustee but only a statement that it "reserves the right to seek a Declaratory Judgment in this case with a reasonable time after discovery has been conducted." Complaint, ¶ 44. This is not a demand for judgment but a statement that a demand for judgment may be made at a later date and, therefore, does not meet the requirements Fed. R. Civ. P. 8(a). Moreover, Town Country did not make a demand for judgment against the Trustee in its "wherefore clause" as it did for the other defendants in the Complaint. Because Town and Country's Complaint did not contain a demand for judgment against the Trustee, it failed to set forth a claim against the Trustee upon which relief can be

granted. Accordingly, Count V of the Complaint should be dismissed under Fed. R. Civ. P. 12(b)(6).

## II. THIS COURT LACKS SUBJECT MATTER JURISDICTION OVER COUNT V

### A. Town and Country's Failure to Establish Subject Matter Jurisdiction Is Cause for Dismissal of Count V Pursuant to Fed. R. Civ. P. 12(b)(1).

As plaintiff, Town and Country has the burden of establishing that this Court has subject matter jurisdiction over its purported claim against the Trustee in Count V of the Complaint. Viqueira v. First Bank, 140 F.3d 12, 16 (1st Cir. 1998). If Town and Country cannot demonstrate that this Court has subject matter jurisdiction over Count V, it must be dismissed. Id.; citing Aversa v. United States, 99 F. 3d 1200, 1209 (1st Cir. 1996). Pursuant to the Barton, doctrine, Town and Country cannot sue the Trustee in this Court for acts done in his official capacity and within his authority as Trustee and an officer of the Bankruptcy Court because Town and Country did not obtain leave of the Bankruptcy Court. Muratore, 375 F.3d at 143 citing, Barton 104 U.S. at 127. In Barton, the U.S. Supreme Court stated that before suit is brought against a receiver, leave of the court that appointed the receiver must be obtained. Id. This requirement became know as the "Barton doctrine" and has been extended to bankruptcy trustees. Muratore, 375 F.3d at 143; In re: Mailman Steam Carpet Cleaning Corp., 196 F.3d 1, 4-5 (1st Cir. 1999). Without permission form the appointing court, a non-appointing court lacks subject matter jurisdiction over claims asserted against the trustee and, therefore, must dismiss such claims pursuant to Fed. R. Civ. P. 12(b)(1). Muratore, 375 F.3d at 148 (the First Circuit Court of Appeals dismissed claim against a trustee for lack of subject matter jurisdiction because the plaintiff failed to obtain leave from the bankruptcy court pursuant to the Barton doctrine); Carter v. Rogers, 220 F.3d 1249, 1253-1254 (11th Cir. 2000) (same).

1. **The Barton Doctrine Applies to Count V.**

The Trustee is being sued under Count V of the Complaint in his official capacity as trustee of the Debtors' bankruptcy estate. Complaint, ¶¶ 6 and 41-44. Accordingly, the Barton doctrine applies Count V of the Complaint.

Town and Country is suing the Trustee in his official capacity. The caption of the Complaint identifies the Trustee as follows: "Mark G. DeGiacomo, Chapter 7 Bankruptcy Trustee of the Estate of Barry Miller and Mary Miller a/k/a Mary Hayne-Miller a/k/a Mary Hayne, Defendant…" Town and Country also indicates in the heading to Count V that the declaratory judgment claim is "AGAINST THE TRUSTEE." There is no question that the Trustee is being sued in his official capacity.

There is also no question that Town and Country's allegations in Count V arise out of and relate to the Trustee's duties and obligation to administer the Debtors' estate. Count V of the Complaint purports to assert a claim for declaratory judgment against the Trustee that the Mortgage is valid and enforceable against certain real property in the Debtors' estate. Pursuant to 11 U.S.C. § 704, the Trustee is obligated to "collect and reduce to money the property of the estate…, investigate the financial affairs of the Debtor" and "object to the allowance of any claim that is improper." Because Count V of the Complaint involves a claim that relates to the Trustee's duties as they relate to the administration and liquidation of the Debtors' estate, the Barton doctrine applies to Town and Country's claim in Count V against the Trustee

2. **The District Court is Not the Appointing Court.**

In Kashani v. Fulton (In re: Kashani), 190 B.R. 875, 885 (9th Cir. B.A.P. 1995) the bankruptcy appellate panel specifically rejected a debtor's argument that the federal district court in the same district as the bankruptcy court in which the case is pending qualifies as a

"appointing court" by virtue of the grant of original jurisdiction to the district courts over bankruptcy cases in 28 U.S.C. § 1334 and the referral of the district court's jurisdiction under 28 U.S.C. § 157(a).  The Court in Kashani stated that"

> "[w]hile it is true that 28 U.S.C. § 157(a) does allow the district court to refer jurisdiction to the bankruptcy court, both courts cannot concurrently preside over the same aspects of the case. Once the district court refers the case to the bankruptcy court, unless the district court withdraws that reference, in whole or in part pursuant to 28 U.S.C. § 157(d), the case is within the subject matter jurisdiction of the bankruptcy court."

Id.  Similarly, in Muratore, the First Circuit Court of Appeals dismissed a complaint filed against a bankruptcy trustee in the district under the Barton doctrine despite the fact that the plaintiff sued the bankruptcy trustee in the district court in the same federal district in which the bankruptcy case was administered.  Muratore, 375 F.3d 140.  See also Carter, 22 F.3d at 1254 (same).  Here, Town and Country has not obtained leave of the Bankruptcy Court, therefore, this court lacks subject matter jurisdiction over Count V.  Accordingly, Count V should be dismissed.

### 3. **Town and Country Could Have Sued the Trustee In the Bankruptcy Court.**

Town and Country could have filed its declaratory judgment claim against the Trustee with the Bankruptcy Court as an adversary proceeding.  The Bankruptcy Court could have exercised jurisdiction over the claim pursuant to 28 U.S.C. § 1334.  The claim would have been a "core" matter because the claim involves a determination of the validity, extent, or priority of a lien, and because the claim concerns the administration of the Debtors' estate.  See 28 U.S.C. § 157(b)(2)(A) and (K).  Town and Country's failure to file its purported declaratory judgment claim against the Trustee in the Bankruptcy Court lends insight to Town and Country' intent to forum shop its claim since the issue of whether the Mortgage is valid is currently before the Bankruptcy Court in the Adversary Proceeding.

Because Town and Country failed to obtain leave of the Bankruptcy Court to sue the Trustee when such leave was a prerequisite under the Barton doctrine to suing the Trustee in any court other than the Bankruptcy Court, this Court lacks subject matter jurisdiction over Town and Country's claim against the Trustee in Count V.  Accordingly, pursuant to the Barton doctrine and the First Circuit Court of Appeals decision in Muratore, Count V of the Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(1).

  **B.**  **The Limited Exception to the Barton Doctrine in 28 U.S.C § 959(a) Does Not Apply to the Facts of this Case Because Town and Country's Declaratory Judgment Claim Is Not a Tort Claim and the Claim Does Not Involve "Acts" or "Transactions" of the Trustee In Carrying on Business Connected With Property of the Debtors' Estate.**

28 U.S.C. 959(a) contains a limited exception to the Barton doctrine.  Muratore, 375 F.3d 143.  Section 959(a) states in relevant part: "trustees…of any property, including debtors in possession, may be sued, without leave of the court appointing them, with respect to any of their acts or transactions in carrying on business connected with such property [of the bankruptcy estate]."  This exception only applies to tort claims.  Because Town and County's declaratory judgment claim is not a tort clam and because the claim does not involve an "act" or "transaction" of the Trustee in carrying on business connected with property of the Debtors' estate, the exception to the Barton doctrine in 28 U.S.C. § 959(a) does not apply here.

In Muratore, the First Circuit Court of Appeals explained the meaning and application of the statutory exception to the Barton doctrine within 28 U.S.C. § 959(a).  In discussing the exception, the Court held that the exception was intended to permit tort actions against the trustee for acts and transactions conducted in the furtherance of the debtor's business and that the "carrying on business" requirement in 28 U.S.C. § 959(a) applied only to tortuous acts committed by the Trustee "in conducting the debtor's business…in pursuing that business as an

operating enterprise." Muratore, 375 F.3d at 144; citing Lebovits v. Scheffel (In re Lehal Realty Associates), 101 F.3d 272, 276 (2nd Cir. 1996). See also Carter, 220 F.3d at 1254 ("section 959(a) is intended to permit actions redressing torts committed in furtherance of the debtor's business, such a as the common situation of a negligence claim in a slip and fall case where a bankruptcy trustee, for example, conducted a retail store") (internal quotations and citations omitted). The Court in Muratore also held that "collecting and liquidating the assets of the debtor…" and "actions taken in the mere continuous administration of property under order of the court do not constitute an 'act' or 'transaction' in carrying on business connected with the estate." Id. (citations omitted).

     Here, in Count V of the Complaint Town and Country's purports to assert a claim against the Trustee for declaratory judgment. This is not a tort claim. Therefore, the 28 U.S.C. § 959(a) exception does not apply. Even if it was a tort claim the exception would not apply because the claim does not relate to an "act" or "transaction" by the Trustee relating to the Trustee's operation of a business enterprise of the Debtors. The only "act" or "transaction" that could be associated with Town and Country's claim is the Trustee's public auction and sale of the Real Property that was the underling security for the Mortgage. The Trustee's act of selling the security for the Mortgage was an act of administering and liquidating assets of the bankruptcy estate which does not constitute "carrying on business" for purposes of 28 U.S.C. § 959(a). Carter, 220 F.3d. at 1254 (held that the exception in § 959(a) did not apply to claim arising from the Chapter 7 trustee's allegedly improper liquidation of estate assets at auction); Lebovits, 101 F.3d at 276 (held that the exception in § 959(a) did not apply where the trustee performs administrative tasks incident to the preservation and liquidation of assets of the estate). Accordingly, for these reason set forth above, the limited exception to the Barton doctrine does

not apply to Town and Country's declaratory judgment claim against the Trustee, and because Town and Country was required to obtain leave of the Bankruptcy Court before it filed its claim against the Trustee, Count V must be dismissed under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction.

### III. ALTERNATIVELY THIS COURT SHOULD STAY THESE PROCEEDINGS AND ALLOW THE BANKRUPTCY COURT TO DETERMINE THE VALIDITY OF THE MORTGAGE

This Court should stay these proceedings in favor of the Adversary Proceeding. The decision to dismiss or stay proceedings in light of parallel litigation is "necessarily left to the discretion of the district court in the first instance." KPS & Associates, Inc., V. Designs By FMC, Inc., 318 F.3d 1, 10 (1st Cir. 2003). In the Adversary Proceeding the Trustee is seeking a determination with respect to the validity of the Mortgage within context of the Bankruptcy Code. The same issue is before this Court in Count V of the Complaint because in order for this Court to make a determination regarding the validity of the Mortgage it must consider the same Bankruptcy Code issues raised by the Trustee in the Adversary Proceeding. Moreover, Town and Country's claims against the other defendants in the Complaint are dependent a determination regarding the validity of the Mortgage. Therefore, the nature of the claims in the two proceedings requires that the Bankruptcy Code issues raised in the Adversary Proceeding regarding the validity of the Mortgage be decided first.

Accordingly, instead of moving forward with both proceedings the most logical approach here is for this Court to stay these proceedings and allow the Bankruptcy Court to resolve the Bankruptcy Code issues relating to the validity of the Mortgage first. This approach serves the interests of judicial economy because it will conserve the judicial resources of this Court and the Bankruptcy Court. Staying these proceedings will allow the Bankruptcy Court to use its

expertise to decide the Bankruptcy Code issues related to the Trustee's Counterclaims in the Adversary Proceeding and allow this Court, if necessary, to decide the unrelated non-bankruptcy claims in this case which depend on whether the Mortgage is valid.

Because these proceedings and the Adversary Proceeding involve a determination regarding the validity of the Mortgage, and because such a determination in both cases will involve the application Bankruptcy Code in which the Bankruptcy Court has particular expertise, and because the nature of the claims in this proceeding requires a determination regarding the validity of the mortgage be decided first, it would be a waste of judicial resources for both courts to proceed with parallel litigation.  Accordingly, this Court must stay these proceedings until the Bankruptcy Court resolves the Bankruptcy Code issues relating to the validity of the Mortgage.

## CONCLUSION

For the reasons set forth above, the Trustee respectfully requests that this Court enter an Order dismissing Count V of the Complaint against the Trustee or alternatively an Order staying these proceedings until the Bankruptcy Court resolves the Bankruptcy Code issues relating to the validity of the Mortgage.

                Respectfully submitted,

                MARK G. DEGIACOMO, CHAPTER 7
                TRUSTEE OF THE ESTATE OF BARRY
                MILLER, and MARY MILLER a/k/a MARY
                HAYNE-MILLER a/k/a MARY HAYNE,

                By his attorneys,

                /s/ Ryan M. MacDonald
                Mark G. DeGiacomo, Esq. BBO #118170
                Ryan M. MacDonald, Esq. BBO #654688
                Murtha Cullina LLP
                99 High Street
                Boston, MA  02110
                617-457-4000 Telephone
Dated: August 1, 2005      617-482-3868 Facsimile