UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TOWN and COUNTRY CREDIT CORP.<br>    Plaintiff,<br>v.<br><br>BARRY MILLER,<br>    Defendant,<br><br>&<br><br>MARY MILLER<br>a/k/a MARY HAYNE-MILLER a/k/a<br>MARY HAYNE,<br>    Defendant,<br><br>&<br><br>MARK G. DEGIACOMO, CHAPTER 7<br>BANKRUPTCY TRUSTEE of the ESTATE<br>OF BARRY MILLER, MARY MILLER<br>a/k/a MARY HAYNE-MILLER a/k/a<br>MARY HAYNE, Defendant<br><br>&<br><br>KEENE & GIZZI, ATTORNEYS AT LAW,<br>PETER GIZZI, ESQ. AS AGENT FOR<br>OLD REPUBLIC NATIONAL TITLE<br>INSURANCE COMPANY,<br>WASHINGTON MUTUAL BANK, F.A.,<br>OCWEN FEDERAL SAVINGS BANK AND<br>SALEM FIVE CENTS SAVINGS BANK | Civil Action<br>No. 2005-11223 RWZ |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

### ANSWER WITH AFFIRMATIVE DEFENSES AND
### JURY DEMAND OF DEFENDANTS, KEENE & GIZZI AND PETER GIZZI AS
### AN AGENT OF KEENE & GIZZI

The following Answer, Affirmative Defenses and Jury Demand are hereby filed on behalf of Keene & Gizzi and Peter Gizzi as an agent of Keene & Gizzi.

1

## Jurisdiction & Venue

1. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 1 and call upon plaintiff to prove the same.

2. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 2 and call upon plaintiff to prove the same.

## Parties

3. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 3 and call upon plaintiff to prove the same.

4. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 4 and call upon plaintiff to prove the same.

5. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 5 and call upon plaintiff to prove the same.

6. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 6 and call upon plaintiff to prove the same.

7. The allegations set forth in paragraph 7 are admitted.

8. The defendants admit that Peter Gizzi, Esq. is a Massachusetts attorney, is a partner of Keene & Gizzi and is a United States citizen. The defendants admit that Peter

3

Gizzi was an authorized signatory of Old Republic National Title Insurance Company for the purposes of procuring title insurance policies. The defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations set forth in paragraph 8 and call upon plaintiff to prove the same.

9. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 9 and call upon plaintiff to prove the same.

10. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 10 and call upon plaintiff to prove the same.

11. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 11 and call upon plaintiff to prove the same.

12. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 12 and call upon plaintiff to prove the same.

13. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 13 and call upon plaintiff to prove the same.

14. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 14 and call upon plaintiff to prove the same.

15. The defendants admit that a real estate closing occurred on November 11, 2004 and that Attorney Peter Gizzi conducted the closing. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 15 and call upon plaintiff to prove the same.

16. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 16 and call upon plaintiff to prove the same.

17. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 17 and call upon plaintiff to prove the same.

18. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 18 and call upon plaintiff to prove the same.

19. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 19 and call upon plaintiff to prove the same.

20. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 20 and call upon plaintiff to prove the same.

21. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 21 and call upon plaintiff to prove the same.

22. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 22 and call upon plaintiff to prove the same.

23. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 23 and call upon plaintiff to prove the same.

24. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 24 and call upon plaintiff to prove the same.

25. The defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph 25 and call upon plaintiff to prove the same.

### Count One (1)
### Against the Debtors:  Objection to Discharge

26. The defendants repeat, reallege, and incorporate herein their answers as set forth in paragraphs 1 through 25 inclusive of the within Answer.

27. The allegations of Count 1, paragraph 27 pertain to another party and no responsive pleading is required of these defendants.

### Count Two (2)
### Against the Debtors:  Mortgage Fraud 18 U.S.C. §§ 1001, 1011 & 1014

28. The defendants repeat, reallege, and incorporate herein their answers as set forth in paragraphs 1 through 27 inclusive of the within Answer.

29. The allegations of Count 2, paragraph 29 pertain to another party and no responsive pleading is required of these defendants.

30.     The allegations of Count 2, paragraph 30 pertain to another party and no responsive pleading is required of these defendants.

31.     The allegations of Count 2, paragraph 31 pertain to another party and no responsive pleading is required of these defendants.

**Count Three (3)**
**Against Attorney Peter Gizzi as Agent for**
**Old Republic National Title Insurance Company:  Negligence**

32.     The defendants repeat, reallege, and incorporate herein their answers as set forth in paragraphs 1 through 31 inclusive of the within Answer.

33.     To the extent the allegations of Count 3, paragraph 33 pertain to Peter Gizzi as agent of Keene & Gizzi, the allegations are denied.  All remaining allegations of Count 3, paragraph 33 pertain to another party, and no responsive pleading is required of these defendants.

34.     To the extent the allegations of Count 3, paragraph 34 pertain to Peter Gizzi as agent of Keene & Gizzi, the allegations are denied.  All remaining allegations of Count 3, paragraph 34 pertain to another party, and no responsive pleading is required of these defendants.

35.     To the extent the allegations of Count 3, paragraph 35 pertain to Peter Gizzi as agent of Keene & Gizzi, the allegations are denied.  All remaining allegations of Count 3, paragraph 35 pertain to another party, and no responsive pleading is required of these defendants.

**Count Four (4)**
**Against Keene & Gizzi:  Vicarious Liability**

36.     The defendants repeat, reallege, and incorporate herein their answers as set forth in paragraphs 1 through 35 inclusive of the within Answer.

37.     The allegations set forth in Count 4, paragraph 37 can be neither admitted nor denied as they state conclusions of law rather than factual assertions.

38.     The allegations set forth in Count 4, paragraph 38 are denied.

39.     The allegations set forth in Count 4, paragraph 39 are denied.

**Count Five (5)**
**Against the Trustee:  Declaratory Judgment**

40.     The defendants repeat, reallege, and incorporate herein their answers as set forth in paragraphs 1 through 39 inclusive of the within Answer.

41.     The allegations of Count 5, paragraph 41 pertain to another party and no responsive pleading is required of these defendants.

42.     The allegations of Count 5, paragraph 42 pertain to another party and no responsive pleading is required of these defendants.

43.     The allegations of Count 5, paragraph 43 pertain to another party and no responsive pleading is required of these defendants.

44.     The allegations of Count 5, paragraph 44 pertain to another party and no responsive pleading is required of these defendants.

## Count Six (6)
### Against Washington Mutual, F.A., Ocwen Federal Savings Bank and Salem Five Cents Savings Bank:  Unjust Enrichment & Equitable Subordinaton & Rescission

45. The defendants repeat, reallege, and incorporate herein their answers as set forth in paragraphs 1 through 44 inclusive of the within Answer.

46. The allegations of Count 6, paragraph 46 pertain to another party and no responsive pleading is required of these defendants.

47. The allegations of Count 6, paragraph 47 pertain to another party and no responsive pleading is required of these defendants.

48. The allegations of Count 6, paragraph 48 pertain to another party and no responsive pleading is required of these defendants.

49. The allegations of Count 6, paragraph 49 pertain to another party and no responsive pleading is required of these defendants.

50. The allegations of Count 6, paragraph 50 pertain to another party and no responsive pleading is required of these defendants.

Wherefore, the defendants, Keene & Gizzi and Peter Gizzi as an agent of Keene & Gizzi, pray for judgment as follows:

    a.    dismissing each part of the Complaint on its merits;

    b.    for their costs, disbursements and attorney's fees; and

    c.    for such other relief as the Court deems just and proper

### Affirmative Defenses

### First Affirmative Defense

The venue of this action is improper.

### Second Affirmative Defense

The Court does not have subject matter jurisdiction of the claims alleged.

### Third Affirmative Defense

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the plaintiff's failure to mitigate damages.

### Fourth Affirmative Defense

The claims arising out of the subject matter of the transactions and occurrences alleged were the result of the acts or omissions of a third party or parties for whose conduct the defendants are not legally responsible.

### Fifth Affirmative Defense

The Complaint fails to state a claim upon which relief may be granted.

### Sixth Affirmative Defense

A necessary party under Rule 19 has been failed to be joined.

### Seventh Affirmative Defense

The claims arising out of the subject matter of the transactions and occurrences alleged are barred because the negligence of plaintiff is greater than the negligence of the defendant.

### Eighth Affirmative Defense

The claims arising out of the subject matter of the transactions and occurrences alleged were the results of risks assumed by the plaintiff.

### Ninth Affirmative Defense

The claims arising out of the subject matter of the transactions and occurrences alleged are barred by the applicable statute of limitations.

### Tenth Affirmative Defense

The defendants hereby give notice that they intends to rely upon such other and further defenses as may become available or apparent during discovery proceedings in this action and hereby reserve the right to amend their Answer and to assert any such defense by appropriate motion.

### Jury Demand

The defendants, Keene & Gizzi and Peter Gizzi as an agent of Keene & Gizzi, hereby demand a trial by jury as to all issues pleaded or to be pleaded.

> Defendants,
> Keene & Gizzi and
> Peter Gizzi as an Agent of Keene & Gizzi
> By their attorneys,
>
> *[signature]*
> William C. Saturley, Esq. (BBO# 442800)
> Jeanne M. McCormick, Esq. (BBO# 557229)
> Nelson Kinder Mosseau & Saturley, P.C.
> 45 Milk Street, 7th Floor
> Boston, MA 02109
> (617) 778-7500
> Fax: (617) 778-7510

## CERTIFICATE OF SERVICE

I, Jeanne M. McCormick, do hereby certify that on this date I served the foregoing "**ANSWER WITH AFFIRMATIVE DEFENSES AND JURY DEMAND OF DEFENDANTS, KEENE & GIZZI AND PETER GIZZI AS AN AGENT OF KEENE & GIZZI**" upon all parties of record to this action by mailing same first-class, postage prepaid to each of the following:

William J. Amann, Esq.
92 Montvale Avenue, Suite 2950
Stoneham, MA 02180

Ryan M. MacDonald, Esq.
Murtha Cullina LLP
2 Whitney Avenue
P.O. Box 704
New Haven, CT 06503

Joseph R. Valle, Jr., Esq.
Riemer & Braunstein LLP
3 Center Plaza, 6th Floor
Boston, MA 02108

Donn A. Randall, Esq.
J. Patrick Kennedy
Bulkley, Richardson & Gelinas, LLP
One Post Office Square, Suite 3700
Boston, MA 02109

DATED: 8/10/05

_Jeanne M. McCormick_
Jeanne M. McCormick