UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.05-11223-RWZ

TOWN and COUNTRY CREDIT CORP.,

    Plaintiff,

v.

BARRY MILLER; MARY MILLER a/k/a MARY HAYNE-MILLER a/k/a MARY HAYNE; MARK G. DEGIACOMO, CHAPTER 7 BANKRUPTCY TRUSTEE of the ESTATE of BARRY MILLER; KEENE & GIZZI, ATTORNEYS at LAW; PETER GIZZI, ESQ. as AGENT for OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY; WASHINGTON MUTUAL BANK, F.A.; OCWEN FEDERAL SAVINGS BANK; and SALEM FIVE CENTS SAVINGS BANK,

    Defendants.

ANSWER OF DEFENDANT WASHINGTON
MUTUAL BANK TO VERIFIED COMPLAINT

Pursuant to Fed. R. Civ. P. 8, defendant Washington Mutual Bank f/k/a Washington Mutual Bank, FA ("Washington Mutual") hereby answers the Verified Complaint of plaintiff Town and Country Credit Corp. (the "Plaintiff" or "Town & Country") in numbered paragraphs corresponding to those of the Verified Complaint as follows:

I.    JURISDICTION & VENUE[1]

---

[1] The paragraph in the Verified Complaint preceding Section I contains introductory information to which no responsive pleading is required.

1. Paragraph 1 of the Verified Complaint contains conclusions of law to which no responsive pleading is required. To the extent that a response to the allegations of paragraph 1 is required, Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of those factual allegations.

2. Paragraph 2 of the Verified Complaint contains conclusions of law to which no responsive pleading is required. To the extent that a response to the allegations of paragraph 2 is required, Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of those factual allegations.

## II.     PARTIES

3. Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in paragraph 3.

4. Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in paragraph 4.

5. Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in paragraph 5.

6. Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in paragraph 6.

7. Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in paragraph 7.

8. Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in paragraph 8 and footnote 3.

9. Washington Mutual admits the factual allegations contained in paragraph 9, but notes that it was formerly known as "Washington Mutual Bank, FA" and is now known as "Washington Mutual Bank."

10. Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in paragraph 10.

11. Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in paragraph 11.

### III.     FACTS

12. Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in paragraph 12.

12. [*sic*]  Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in second paragraph 12.

13. Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in paragraph 13.

14. Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in paragraph 14 and footnote 4.

15. Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in paragraph 15 and footnote 5.

16. Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in paragraph 16.

17. Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in paragraph 17.

18. Washington Mutual admits that a first mortgage it held on property of the Debtors at 36 Beach Avenue, Swampscott, Massachusetts, in the approximate amount of $111,312, was paid off on or about December 7, 2004. Further answering, Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the remaining factual allegations contained in paragraph 18 and footnote 6.

19. Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in paragraph 19.

20. Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in paragraph 20.

21. Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in paragraph 21.

22. Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in paragraph 22.

23. Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in paragraph 23.

24. Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in paragraph 24.

25. Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the factual allegations contained in paragraph 25.

### IV.    COUNT ONE (1) AGAINST THE DEBTORS:  OBJECTION TO DISCHARGE

26. Washington Mutual incorporates by reference its responses to paragraphs 1 through 25 as if set forth in full herein.

27.     The allegations of paragraph 27 are directed to parties other than Washington Mutual, and therefore do not require a response by Washington Mutual.  To the extent that a response to the allegations of paragraph 27 is required, Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of those allegations.

## V.     COUNT TWO (2)
## AGAINST THE DEBTORS:  MORTGAGE FRAUD 18 U.S.C. §§ 1001, 1011 & 1014

28.     Washington Mutual incorporates by reference its responses to paragraphs 1 through 27 as if set forth in full herein.

29.     The allegations of paragraph 29 are directed to parties other than Washington Mutual, and therefore do not require a response by Washington Mutual.  To the extent that a response to the allegations of paragraph 29 is required, Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of those allegations.

30.     The allegations of paragraph 30 are directed to parties other than Washington Mutual, and therefore do not require a response by Washington Mutual.  To the extent that a response to the allegations of paragraph 30 is required, Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of those allegations.

31.     The allegations of paragraph 31 are directed to parties other than Washington Mutual, and therefore do not require a response by Washington Mutual.  To the extent that a response to the allegations of paragraph 31 is required, Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of those allegations.

## VI.     COUNT THREE (3)
## AGAINST ATTORNEY PETER GIZZI AS AGENT FOR OLD REPUBLIC NATIONAL TITLE INSURANCE COMPANY:  NEGLIGENCE

32.     Washington Mutual incorporates by reference its responses to paragraphs 1 through 31 as if set forth in full herein.

33. The allegations of paragraph 33 are directed to a party other than Washington Mutual, and therefore do not require a response by Washington Mutual. To the extent that a response to the allegations of paragraph 33 is required, Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of those allegations.

34. The allegations of paragraph 34 are directed to a party other than Washington Mutual, and therefore do not require a response by Washington Mutual. To the extent that a response to the allegations of paragraph 34 is required, Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of those allegations.

35. The allegations of paragraph 35 are directed to a party other than Washington Mutual, and therefore do not require a response by Washington Mutual. To the extent that a response to the allegations of paragraph 35 is required, Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of those allegations.

### VII. COUNT FOUR (4) AGAINST KEENE & GIZZI: VICARIOUS LIABILITY

36. Washington Mutual incorporates by reference its responses to paragraphs 1 through 35 as if set forth in full herein.

37. The allegations of paragraph 37 are directed to a party other than Washington Mutual, and therefore do not require a response by Washington Mutual. To the extent that a response to the allegations of paragraph 37 is required, Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of those allegations.

38. The allegations of paragraph 38 are directed to a party other than Washington Mutual, and therefore do not require a response by Washington Mutual. To the extent that a response to the allegations of paragraph 38 is required, Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of those allegations.

39. The allegations of paragraph 39 are directed to a party other than Washington Mutual, and therefore do not require a response by Washington Mutual. To the extent that a response to the allegations of paragraph 39 is required, Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of those allegations.

### VIII.   COUNT FIVE (5) AGAINST THE TRUSTEE:  DECLARATORY JUDGMENT

40. Washington Mutual incorporates by reference its responses to paragraphs 1 through 39 as if set forth in full herein.

41. The allegations of paragraph 41 are directed to a party other than Washington Mutual, and therefore do not require a response by Washington Mutual. To the extent that a response to the allegations of paragraph 41 is required, Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of those allegations.

42. The allegations of paragraph 42 are directed to a party other than Washington Mutual, and therefore do not require a response by Washington Mutual. To the extent that a response to the allegations of paragraph 42 is required, Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of those allegations.

43. The allegations of paragraph 43 are directed to a party other than Washington Mutual, and therefore do not require a response by Washington Mutual. To the extent that a response to the allegations of paragraph 43 is required, Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of those allegations.

44. The allegations of paragraph 44 are directed to a party other than Washington Mutual, and therefore do not require a response by Washington Mutual. To the extent that a response to the allegations of paragraph 44 is required, Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of those allegations.

IX.     COUNT SIX (6)
AGAINST WASHINGTON MUTUAL, F.A., OCWEN FDERAL SAVINGS BANK
and SALEM FIVE CENTS SAVINGS BANK:  UNJUST ENRICHMENT &
EQUITABLE SUBORDINATION & RESCISSION

45.     Washington Mutual incorporates by reference its responses to paragraphs 1 through 44 as if set forth in full herein.

46.     Washington Mutual admits that the Debtors paid off their mortgage loan with Washington Mutual on or about December 7, 2004.  Further answering, Washington Mutual states that it does not have sufficient knowledge or information to admit or deny the truth of the remaining allegations contained in paragraph 46.

47.     Washington Mutual does not have sufficient knowledge or information to admit or deny the truth of the allegations contained in paragraph 47.

48.     Washington Mutual denies the allegations contained in paragraph 48.

49.     Washington Mutual denies the allegations contained in paragraph 49.

50.     Washington Mutual denies the allegations contained in paragraph 50.

**AFFIRMATIVE DEFENSES**

FIRST AFFIRMATIVE DEFENSE

The Verified Complaint and each count within it fail to state any claim upon which relief can be granted.

SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims of rescission and equitable subordination must fail because the property has been sold.

THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by its own negligence.

### FOURTH AFFIRMATIVE DEFENSE

If Plaintiff was damaged as alleged, which Washington Mutual expressly denies, its damages were not caused by Washington Mutual or any person acting with, through, or under Washington Mutual, or by any person for whose conduct Washington Mutual is legally responsible or answerable.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, estoppel, laches and/or unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

The Complaint fails to allege that Washington Mutual was unjustly enriched to the detriment of the Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Washington Mutual acted in good faith and in a commercially reasonable fashion at all times.

### EIGHTH AFFIRMATIVE DEFENSE

The Plaintiff suffered no damage as a result of any of Washington Mutual's actions.

### NINTH AFFIRMATIVE DEFENSE

Washington Mutual released its first mortgage on the Property in good faith in exchange for what it was owed.

### TENTH AFFIRMATIVE DEFENSE

Venue of this action in this Court is improper.

WHEREFORE, defendant Washington Mutual Bank respectfully requests that this Court:

(1) Dismiss all counts of Plaintiff's Verified Complaint with prejudice;

(2) Award Washington Mutual its attorneys' fees and costs incurred in defending this action, in an amount to be determined; and

(3) Award such other relief as the Court deems just and proper.

WASHINGTON MUTUAL BANK,
By its Attorneys,


 /s/ J. Patrick Kennedy
Donn A. Randall (BBO #631590)
J. Patrick Kennedy (BBO #565778)
Bulkley, Richardson and Gelinas, LLP
One Post Office Square, Suite 3700
Boston, Massachusetts  02109
(617) 368-2500

Dated:  August 12, 2005

302557.1